Funderburk *vs.* Gorham *et al.*

---

DAVID H. FUNDERBURK, administrator, plaintiff in error, *vs.* GEORGE C. GORHAM *et al.*, defendants in error.

1. Where a note is given by a temporary administrator for property purchased at an administrator's sale, it does not bind the estate which he represents. (R.)
2. If the property purchased is appropriated for the benefit of the estate represented by the temporary administrator, and he is insolvent, the creditor may proceed against said estate. (R.)

Temporary administrator. Demurrer to bill. Insolvency. Individual liability. Before Judge JOHNSON. Talbot Superior Court. March Term, 1872.

For the facts of this case, see the decision.

MARION BETHUNE, represented by W. A. LITTLE for plaintiff in error.

E. H. WORRILL for defendants.

Funderburk *vs.* Gorham *et al.*

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, to make the property of the estates of William B. Pope and Allen Pope, who died intestate, subject to the payment of the complainant's debt. The defendants demurred to the complainant's bill, which was sustained and the bill dismissed. Whereupon, the complainant excepted. The complainant alleges that at the sale of the property of his intestate, one George Gorham, as the temporary administrator on the estates of the two deceased Popes, and one Brown, purchased a certain amount of property for the benefit of the two latter estates, and gave his note therefor, which was signed by him as temporary administrator; that he obtained a judgment on said note against George Gorham for $146,60 principal, and $18,73 for interest. Subsequently Willis J. Gorham was appointed administrator on the estates of the two Popes, and moved to set aside the judgment obtained against George Gorham, so far as the same attempted to bind the property of the estates he represented, which motion prevailed. It is not alleged in the bill that George Gorham is *insolvent.* The complainant can obtain and enforce his judgment against the individual property of George Gorham, for the payment of his debt, for aught that appears on the face of the bill. The note given to the complainant by George Gorham as temporary administrator, bound him individually for the payment of it, but did not bind the property of the estates which he represented. If George Gorham is not insolvent, but able to pay the note, there is no good reason shown by the bill why the complainant has not an ample and adequate remedy at law to compel him to do so. If George Gorham pays the note to the complainant, and it was given by him for property purchased for the benefit of the estates, and the same was appropriated and used for the benefit thereof, he may claim the right to be reimbursed out of the property of the estates, on a proper case made, but the complainant cannot look to the estate for the payment of his

note on George Gorham, unless he is *insolvent*, which is not alleged.

Let the judgment of the Court below be affirmed.